# EXHIBIT

# A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JIMMY RIOS AND DEBORAH RIOS,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JURY DEMANDED** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE** | § | |
| **COMPANY, SHERRY MARSHALL,** | § | |
| **TIMOTHY BOATMAN, YASMINE** | § | |
| **JONES, CHASTITY KNIGHT, IVEL** | § | |
| **TIMSHEIM CYRUS LEVI,** | § | |
| **MELINDA VASSALLI-CLARK,** | § | |
| **VERONICA HERNANDEZ AND** | § | |
| **BRANNON LOWERY,** | § | |
| **Defendants.** | § | |

## INDEX OF DOCUMENTS

| | DESCRIPTION |
|---|---|
| **1** | Case Summary in the state court action |
| **2** | Plaintiff's Original Petition filed on July 28, 2022 |
| **3** | Allstate's Original Answer to Plaintiff's Original Petition filed on September 21, 2022 |
| **4** | Docket Control Order filed on September 29, 2022 |

# EXHIBIT 1



# 202245344 - RIOS, JIMMY vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (Court 295)

Print All  *(non-financial)*

Chronological History

| | |
|---|---|
| **Summary** | **+** |
| **Appeals** | **+** |
| **Cost Statements** | **+** |
| **Transfers** | **+** |
| **Post Trial Writs** | **+** |
| **Abstracts** | **+** |
| **Parties** | **+** |
| **Court Costs** | **+** |
| **Judgments/Events** | **+** |
| **Settings** | **+** |
| **Services/Notices** | **+** |
| **Court Registry** | **+** |
| **Child Support** | **+** |
| **Images** | **—** |

\* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only **non-confidential** civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please **click here** to notify Customer Service.

**You may print and save uncertified copies of documents from the preview window.**

**Purchase Order**

⌨ ( 0 documents )

Print List 🖨

If you are not a litigant in this case, you may visit our Customer Service departments to obtain copies of documents. Confidential or Sealed documents may not be dispensed to public customers.

If you are a litigant that is a party of this case and would like access to the restricted documents, please click **here**.

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case 🛒 |
|---|---|---|---|---|---|---|---|
| 📄 **104298701** | Filing | DOCKET CONTROL ORDER-JCVO02 | | | 09/29/2022 | 20 | Add to Basket 🛒 |
| 📄 **104166002** | Filing | Defendant's Original Answer and Request for Disclosure | | | 09/21/2022 | 6 | Add to Basket 🛒 |
| 📄 **103213835** | Filing | PLAINTIFFS ORIGINAL PETITION | | | 07/28/2022 | 20 | Add to Basket 🛒 |
| > 📄 **103213836** | Filing | Civil Process Request | | | 07/28/2022 | 2 | Add to Basket 🛒 |

# EXHIBIT 2

7/28/2022 1:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66762842
By: Monica Jackson
Filed: 7/28/2022 1:07 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JIMMY RIOS AND | § | IN THE DISTRICT COURT OF |
| DEBORAH RIOS | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY, | § | |
| SHERRY MARSHALL, TIMOTHY | § | |
| BOATMAN, YASMINE JONES, | § | |
| CHASTITY KNIGHT, IVEL TIMSHEIM | § | |
| CYRUS LEVI, MELINDA VASSALLI- | § | |
| CLARK, VERONICA HERNANDEZ | § | |
| AND BRANNON LOWERY | § | _____ JUDICIAL DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jimmy Rios and Deborah Rios (referred to herein as **"Plaintiffs"**), and files this Plaintiffs' Original Petition, complaining of Defendants Allstate Vehicle and Property Insurance Company ("**Allstate**"), Sherry Marshall ("**Marshall**"), Timothy Boatman ("**Boatman**"), Yasmine Jones ("**Jones**"), Chastity Knight ("**Knight**"), Ivel Timsheim Cyrus Levi ("**Levi**"), Melinda Vassalli-Clark ("**Vassalli-Clark**"), Veronica Hernandez ("**Hernandez**"), and Brandon Lowery ("**Lowery**") (hereinafter collectively referred to as "**Defendants**") and for cause of action would show the following:

## DISCOVERY

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## PARTIES

2.      Plaintiffs Jimmy Rios and Deborah Rios are individuals residing in Harris County, Texas.

3.      Defendant Allstate Vehicle and Property Insurance is an alien or foreign insurance company registered to engage in the business of insurance in Texas. This Defendant may be served with process via certified mail, return receipt requested, by serving its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136, or wherever else it may be found.

4.      Defendant Sherry Marshall is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant does not reside in Texas and has not appointed an agent for service of process.  Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal process at 7824 Taylor Park Road, Apt. B, Montgomery, AL  36117, or wherever else she may be found.

5.      Defendant Timothy Boatman is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant resides in Texas and may be served with certified mail, return receipt requested at P.O. Box 504, Hitchcock, TX  77563-0504, or wherever else he may be found.

6.      Defendant Yasmine Jones is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant does not reside in Texas and has not appointed an agent for service of process.  Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal process at 223 W. Baratara Drive, Chickasaw, AL  36611, or wherever else she may be found.

7.      Defendant Chastity Knight is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant resides in Texas and may be served with personal process at 2537 Kool Ave., Dallas, TX  75241, or wherever else she may be found.

8.      Defendant Ivel Timsheim Cyrus Levi is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant does not reside in Texas and has not appointed an agent for service of process. Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal

process at 11551 Sedona Drive, Daphne, AL 36526-5633, or wherever else he may be found.

9.      Defendant Melinda Vassalli-Clark is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant does not reside in Texas and has not appointed an agent for service of process. Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal process at 12905 Spanish Drive, Ocean Springs, MS 39564, or wherever else she may be found.

10.      Defendant Veronica Hernandez is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant resides in Texas and may be served with personal process at 1018 E. Union Bower Road, Irving, TX 75061, or wherever else she may be found.

11.      Defendant Brannon Lowery is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant does not reside in Texas and has not appointed an agent for service of process. Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal process at 467 Aldock Road, Eight Mile, AL 36613, or wherever else he may be found.

## **JURISDICTION**

12.      The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court. Plaintiffs are seeking only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Plaintiffs reserve the right to amend this amount as discovery continues.

13.      The court has jurisdiction over Defendant Allstate Vehicle and Property Insurance Company because this Defendant engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the state of Texas.

14.    The court has jurisdiction over Defendants Marshall, Boatman, Jones, Knight, Levi, Vassalli-Clark, Hernandez and Lowery because these Defendants engage in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arose out of these Defendants' business activities in the State of Texas.

## VENUE

15.    Venue in this cause is proper in Harris County because the insured property is situated in Harris County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

16.    Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "**the Policy**"), which was issued by Allstate Vehicle and Property Insurance Company (referred to herein as "**Insurance Company**").

17.    Plaintiffs own the insured property, which is specifically located at 11702 Chetman Dr., Houston, Texas  77065 (hereinafter referred to as "**the Property**").

18.    Insurance Company sold the Policy insuring the Property to Plaintiffs.

19.    On or about February 17, 2021, Plaintiffs sustained busted pipes and related water damage to the following areas of the Property due to winter storm "Uri":  Living Area, Kitchen, Utility Room, Subroom, Upstairs Hallway, Stairs, Upstairs Master Bedroom, Maser Bath, Master Toilet Area, Hall Bath, Downstairs Powder Room and Exterior, electrical issues, and plumbing issues, in addition to contents damage and additional living expenses.  Plaintiffs filed a claim with their Insurance Company for the damages to their home caused by winter storm "Uri."

20.    Pursuant to the Policy, Plaintiffs asked that the Insurance Company pay for the damage to the Property.

21.    The Insurance Company, without requiring written notice of the claim from the Plaintiffs, assigned Defendants Marshall, Boatman, Jones, Knight, Levi, Vassalli-Clark,

4

Hernandez and Lowery (jointly referred to herein as **"Adjusters"**), who were improperly trained by Insurance Company, as the Adjusters to investigate Plaintiffs' claim. Adjusters, because of inadequate and improper instruction and training, failed to perform an investigation of Plaintiffs' claim that met the minimum standards of performance pursuant to industry standards, §§21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise.

22.     The first desk Adjuster assigned to the claim was Melinda Vassalli-Clark.

23.     The first filed Adjuster assigned to the claim was Sherry Marshall.

24.     On or  about March 5, 2021, Marshall inspected the Property and prepared an estimate showing the replacement cost value of the dwelling damages as $2,635.70, which Vassalli-Clark provided to Plaintiff.  Thereafter, Plaintiffs began to mitigate the damages to the Property to the best of their ability, with the minimal funds received by Insurance Company.

25.     On May 4, 2021, Plaintiffs called Insurance Company and spoke with Hernandez. Plaintiffs expressed that the estimate prepared by Marshall was insufficient, as it was not enough to cover mitigation, much less repairs.  Plaintiffs provided a repair estimate from Full Business Center for $60,000.00 for repairs to the kitchen alone.

26.     On May 20, 2021, Plaintiffs received correspondence from Jones providing her contact information.  On May 26, 2021, correspondence was received from Jones requesting photos of the damaged contents.  Plaintiffs advised that they had previously provided photos to Vassalli-Clark and asked if they were on file.

27.     On or around May 23, 2021, Boatman inspected Plaintiffs' Property and prepared an estimate showing the replacement cost value of the dwelling damages as $35,556.37.

28.     On or around June 10, 2021, at Insurance Company's request, Plaintiffs provided Boatman with an updated and more detailed estimate from Full Business Center for the kitchen.

29.     On June 24, 2021, Lowery inspected the Property and prepared an estimate showing the replacement cost value of the dwelling damages as $38,997.68.

30.     On July 1, 2021, Christopher Hawkins, of the mitigation company, sent correspondence to Insurance Company providing photos of the damaged Property and requesting that Insurance Company listen to his multiple previous voicemails and to contact him concerning a supplement as soon as possible.

31.     On or around July 1, 2021, Insurance Company assigned Levi to investigate Plaintiffs' claim.  This date, Plaintiffs provided Levi with photos of the Property.  Levin confirmed receipt of same.

32.     Between July 1 and October, approximately 80 emails were exchanged between Plaintiffs and Levi concerning the claim.   Plaintiffs provided all requested information, but sufficient payment was not issued.

33.     On September 3, 2021, Plaintiffs provided Insurance Company with a repair estimate from World Wide Contracting totaling $105,425.46.

34.     Despite being provided contractor repair estimates, Insurance Company failed to issue proper payment for the damages received.

35.     On or around September 17, 2021, Levi contacted the hotel Plaintiffs were staying at and checked them out without warning.  Further, at some point around this time, Levi shockingly suggested that Plaintiffs go hang out at Home Depot to hire some workers to do the work for next to nothing.

36.     On or about October 27, 2021, Plaintiffs spoke with Knight concerning the claim. Knight acknowledged receipt of the World Wide estimate, the QRF Dispute, and receipts.  Knight

stated that the documents were reviewed but offered no explanation as to whether or not additional payment would be issued for the dwelling damages.

37.    The mishandling of the claim has also caused a delay in Plaintiffs' ability to fully repair their Property, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive full payment under the Insurance Policy for the damages.  As a result, Plaintiffs have been unable to make repairs and are therefore unable to live in their home.  Because of this, Plaintiffs have continued to incur Additional Living Expenses since the date of loss and are still incurring Additional Living Expenses.

38.    Adjusters assigned to the claim were improperly trained by Insurance Company or otherwise neglected any such training and failed to perform a complete investigation of the claim.

39.    Adjusters conducted a substandard inspection of Plaintiffs' Property.

40.    The water damages to the Property were grossly underestimated and that underestimation of damages by the Adjusters were subsequently ratified and approved by Insurance Company.

41.    Adjusters' estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.

42.    The Insurance Company's personnel failed to thoroughly review and properly oversee the work of its assigned Adjusters, ultimately approving an improper adjustment and inadequate, unfair settlement of Plaintiffs' claim.

43.    This unreasonable investigation resulted in the considerable underpayment of Plaintiffs' claim.

44.    Together, Defendants Insurance Company and Adjusters set out to deny and underpay on properly covered damages. The Insurance Company failed to provide full coverage

for the damages sustained by Plaintiffs, and failed to fully scope the damages, and undervalued the damages, thus denying adequate and sufficient payment to Plaintiffs.

45.    The mishandling of the Claim has also caused a delay in Plaintiffs' ability to fully repair their property, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive full payment under the insurance policy.

46.    The Insurance Company ratified the Adjusters' inadequate methods and investigation, resulting in Plaintiffs' claims being undervalued and underpaid.  The unreasonable investigation of Plaintiffs' claim resulted in the considerable underpayment of the claim.  Plaintiffs have suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

47.    The Insurance Company intentionally chose and adopted a business model that provided for retaining very few, if any, qualified adjusters as employees, and instead relied upon outside contractors to perform the Insurance Company's non-delegable duties of investigating claims in accordance with applicable Texas law.  In addition, the Insurance Company compensated its outside contractor adjusters by incentivizing them to exclude or artificially minimize the amount damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Further, the Insurance Company had no or inadequate procedures in place to monitor or regularly audit the work product of its outside adjusters.  Therefore, the Insurance Company was reasonably aware, or knew or should have known, that claims estimates generated by its adjusters, inclusive of the estimates at issue in this case, were wholly deficient by any measure under the contract and the law and were likely to result in considerable underpayment and wrongful denial of insurance claims, as occurred with Plaintiffs' claim.

48.    Moreover, Adjusters were aware that the Insurance Company was incentivizing them to minimize the amount of damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law.  Adjusters accepted these terms knowing that they would likely cause their inspection and resulting claims estimate to exclude or artificially minimize the amount of related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law.

49.    As detailed in the paragraphs below, Insurance Company wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Insurance Company denied Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

50.    Insurance Company continues to delay paying Plaintiffs for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their home.

51.    Insurance Company voluntarily assumed a non-contractual obligation to inspect and value Plaintiffs' damages, thereby causing its conduct to be governed by the applicable provisions of the Texas Insurance Code.  However, it then failed to comply with its duties and obligations under the law for inspecting and valuing covered losses, and likewise failed to perform its contractual duty to adequately compensate Plaintiffs for monies owed to them under the Policy.  More specifically, but without limitation, Insurance Company failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. As such, and as further described herein, Insurance Company's

conduct in this regard constitutes both a violation of the applicable provisions of the Texas Insurance Code, as well as a breach of the insurance contract between Insurance Company and Plaintiffs.

52.    Defendants Insurance Company and Adjusters misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

53.    Defendants Insurance Company and Adjusters failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

54.    Defendants Insurance Company and Adjusters failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Insurance Company and Adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. As such, Defendants Insurance Company's and Adjusters' conduct in this regard is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

55.    Defendants Insurance Company and Adjusters failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants

Insurance Company and Adjusters. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

56. Defendants Insurance Company and Adjusters refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Insurance Company and Adjusters performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

57. After receiving notice of Plaintiffs' claim, Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code to timely and within the statutorily mandated time acknowledge Plaintiffs' claim, begin an investigation of Plaintiffs' claim and request all information reasonably necessary to investigate Plaintiffs' claim. As such, Insurance Company's conduct in this regard constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

58. Insurance Company failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

59. Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Insurance Company has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full

payment for their claim. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS.CODE §542.058.

60.     From and after the time Plaintiffs' claim was presented to Insurance Company, the liability of Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurance Company has refused to pay Plaintiffs in full, despite there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

61.     Additionally, Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

62.     Defendants' wrongful acts and omissions, as further detailed herein, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT ADJUSTERS

63.     In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 62 as if fully set forth *verbatim*.

64.     Insurance Company assigned Adjusters to adjust the claim. Adjusters were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During their investigation, Adjusters failed to properly assess Plaintiffs' damages.

65.     As such, Adjusters' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

66.     Adjusters are individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Insurance Company, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjustor* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). *See also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

67.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Adjusters' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received.  Adjusters' unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

68.     Adjusters' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

69.     Adjusters failed to explain to Plaintiffs the reason for their inadequate settlement. Specifically, Adjusters failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Adjusters, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis as set forth in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

70.     Adjusters' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

71.     Adjusters did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' damages, although reported by Plaintiffs. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a

14

reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

CAUSES OF ACTION AGAINST DEFENDANT
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

72.    In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 71 as if fully set forth *verbatim*.

73.    Insurance Company is liable to Plaintiffs for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

**BREACH OF CONTRACT**

74.    Insurance Company's conduct constitutes a breach of the insurance contract made between Insurance Company and Plaintiffs.

75.    Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Insurance Company's insurance contract with Plaintiffs.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

76.    Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

77.    Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

78.     Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2(A).

79.     Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

80.     Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

81.     Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: ## THE PROMPT PAYMENT OF CLAIMS

82.     Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

83.     Insurance Company's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described

above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

84.  Insurance Company's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

85.  Insurance Company's delay of the payment of Plaintiffs' claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**ACTS CONSTITUTING ACTING AS AGENT**

86.  In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 85 as if fully set forth *verbatim.*

87.  Adjusters are agents of Insurance Company based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Insurance Company. TEX. INS. CODE §4001.051.

88.  Separately, and/or in the alternative, as referenced and described above, Insurance Company ratified the actions and conduct of Adjusters, including the completion of their duties under the common and statutory law.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

89.  In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 88 as if fully set forth *verbatim.*

90.  Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs in their Policy.

91.  Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at that time, Insurance Company knew or

17

should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

92.      In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 91 as if fully set forth *verbatim*.

93.      All of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

94.      In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 93 as if fully set forth *verbatim*.

95.      Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

96.      As previously mentioned, the damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants mishandling of Plaintiffs' claim in violation of the laws set forth above.

97.      For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorneys' fees.

98.      For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiffs are entitled to three times their actual damages. TEX. INS. CODE §541.152.

99. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

100. For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the Insurance Company owed, exemplary damages and damages for emotional distress.

101. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

102. Plaintiffs hereby request that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs are tendering the appropriate jury fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, all punitive and exemplary damages as may be found and reasonable and necessary attorneys' fees.

In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves to be justly entitled.

Respectfully Submitted,

**BYRD RAMSEY**

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No.16520200
Katherine D. Ramsey
State Bar No. 24070469
Jason M. Byrd
State Bar No. 24036303
6280 Delaware Street, Suite C
Beaumont, Texas 77706
T: 409.202.2020
F: 409.444.2021
docket@byrdramsey.com

**ATTORNEYS FOR PLAINTIFFS**

20

# EXHIBIT

# 3

9/21/2022 3:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68488211
By: Marcella Hill
Filed: 9/21/2022 3:39 PM

NO.   220253-C

| | | |
|---|---|---|
| **JIMMY RIOS AND DEBORAH RIOS** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY,** | § | **295TH JUDICIAL DISTRICT** |
| **SHERRY MARSHALL, TIMOTHY** | § | |
| **BOATMAN, YASMINE JONES,** | § | |
| **CHASTITY KNIGHT, IVEL TIMSHEIM** | § | |
| **CYRUS LEVI, MELINDA VASSALLI-** | § | |
| **CLARK, VERONICA HERNANDEZ** | § | |
| **AND BRANNON LOWERY** | § | **HARRIS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,

Defendant in the above styled and numbered cause of action, and in response to the complaints

filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time, Defendant asserts a general denial to Plaintiffs' Original Petition and all

amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure,

and respectfully requests the Court and jury to require Plaintiffs to prove the claims, charges and

allegations, by a preponderance of the evidence, as required by the Constitution and the laws of

the State of Texas.

### II.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations

1

which are listed in the policy made the basis of this suit.

### III.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because conditions precedent to Plaintiffs' recovery have not occurred. For example, and without limitation, Plaintiffs failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by ' 17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

### IV.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs' claims are excluded by the applicable insurance policy.

### V.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiffs' pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiffs or others. Accordingly, Plaintiffs' claims are barred or must be reduced under the doctrine of contributory or comparative fault.

### VI.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to cooperate in the handling of their claim, as required by the policy.

## VII.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred because such an award would violate Defendant's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

## VIII.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of ' 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

### NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## XI.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil

Practice and Remedies Code.

COMES NOW, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

### REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 190 and 194 Defendant requests Plaintiffs' disclosure, within thirty (30) days from the date this request is served, the information or materials described in Rule 190.2(b)(6) and 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Vehicle And Property Insurance Company, prays that the Plaintiffs recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

*/s/ Wesley R. Ward*
Wesley R. Ward
State Bar No. 24008235
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

**ATTORNEYS FOR DEFENDANTS**

Please be advised that the ***only*** valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.

4

<u>**CERTIFICATE OF SERVICE**</u>

       Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer and Request for Disclosure has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer and Request for Disclosure has been delivered to all interested parties on 21st day of September, 2022, correctly addressed to:

Michael R. Ramsey
Katherine D. Ramsey
Jason M. Byrd
BYRD RAMSEY
6280 Delaware Street, Suite C
Beaumont, Texas 77706
**ATTORNEY FOR PLAINTIFF**

                              */s/ Wesley R. Ward*
                              Wesley R. Ward

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Causey on behalf of Wesley Ward
Bar No. 24008235
hcdocket@hope-causey.com
Envelope ID: 68488211
Status as of 9/21/2022 3:52 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wesley R.Ward | | HCdocket@hope-causey.com | 9/21/2022 3:39:35 PM | SENT |
| Jaclyn Martin | | jaclyn@Hope-Causey.com | 9/21/2022 3:39:35 PM | SENT |
| Michael R. Ramsey | 16520200 | mike@ramseylaw.com | 9/21/2022 3:39:35 PM | SENT |
| Katherine Ramsey | 24070469 | katherine@ramseylaw.com | 9/21/2022 3:39:35 PM | SENT |
| Jason Michael Byrd | 24036303 | jason@txbyrd.com | 9/21/2022 3:39:35 PM | SENT |

# EXHIBIT

# 4

Case No. 202245344                                              **DCORX**

| | | |
|---|---|---|
| RIOS, JIMMY | * | IN THE DISTRICT COURT OF |
| vs. | * | HARRIS COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY | * | 295th JUDICIAL DISTRICT |
| | * | |

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 11/21/2022**   **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**   **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 5/20/2023**   Experts for parties seeking affirmative relief.
**(b) 6/19/2023**   All other experts.

**3.**   **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/18/2023**   **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**   **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 8/4/2023**   No-evidence motions for summary judgment may only be heard after this date.
**(b)**   All dispositive motions or pleas must be heard.

**6. 8/18/2023**   **CHALLENGES TO EXPERT TESTIMONY**.   All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/18/2023**   **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**   **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . Failure to appear will be grounds for dismissal for want of prosecution.

**9. 9/18/2023**   **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

SHERRY MARSHALL                                    **DONNA ROTH**
7824 TAYLOR PARK ROAD APT B          4          **JUDGE, 295TH DISTRICT COURT**
MONTGOMERY, AL 36117                                **Date Generated: 9/28/2022**          JCVO02

## <u>STANDING ORDER OF THE 295th DISTRICT COURT</u>
## <u>REQUIRING ELECTRONIC FILING</u>

After reviewing this file, the Court finds that this case is appropriate for electronic filing. Parties to this case are directed to file all papers allowed under the local rules, available at http://www.justex.net, electronically starting 45 days from the date of this order. If any party objects to this order, such objection should be set for hearing or submission within 30 days from the date of this order.

Case No. 202245344                                                      **DCORX**

RIOS, JIMMY                                    *          IN THE DISTRICT COURT OF

vs.                                            *          HARRIS COUNTY, TEXAS

ALLSTATE VEHICLE AND PROPERTY                  *          295th JUDICIAL DISTRICT
                                               *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 11/21/2022**    **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**    **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 5/20/2023**    Experts for parties seeking affirmative relief.
**(b) 6/19/2023**    All other experts.

**3.**    **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/18/2023**    **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 8/4/2023**    No-evidence motions for summary judgment may only be heard after this date.
**(b)**    All dispositive motions or pleas must be heard.

**6. 8/18/2023**    **CHALLENGES TO EXPERT TESTIMONY**.   All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/18/2023**    **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**    **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . Failure to appear will be grounds for dismissal for want of prosecution.

**9. 9/18/2023**    **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

TIMOTHY BOATMAN                              **DONNA ROTH**
PO BOX 504                          5        **JUDGE, 295TH DISTRICT COURT**
HITCHCOCK, TX 77563-0504                     **Date Generated: 9/28/2022**          JCVO02

## <u>STANDING ORDER OF THE 295th DISTRICT COURT</u>
## <u>REQUIRING ELECTRONIC FILING</u>

After reviewing this file, the Court finds that this case is appropriate for electronic filing. Parties to this case are directed to file all papers allowed under the local rules, available at http://www.justex.net, electronically starting 45 days from the date of this order. If any party objects to this order, such objection should be set for hearing or submission within 30 days from the date of this order.

Case No. 202245344                                          **DCORX**

RIOS, JIMMY                          *          IN THE DISTRICT COURT OF

vs.                                  *          HARRIS COUNTY, TEXAS

ALLSTATE VEHICLE AND PROPERTY        *          295th JUDICIAL DISTRICT
                                     *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 11/21/2022**      **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

**2.**                 **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 5/20/2023**      Experts for parties seeking affirmative relief.
**(b) 6/19/2023**      All other experts.

**3.**                 **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/18/2023**       **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**                 **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 8/4/2023**       No-evidence motions for summary judgment may only be heard after this date.
**(b)**                All dispositive motions or pleas must be heard.

**6. 8/18/2023**       **CHALLENGES TO EXPERT TESTIMONY**.   All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/18/2023**       **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**                 **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

**9. 9/18/2023**       **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

YASMINE JONES                    6          **DONNA ROTH**
223 W BARATARA DRIVE                        **JUDGE, 295TH DISTRICT COURT**
CHICKASAW, AL 36611                         **Date Generated: 9/28/2022**          JCVO02

## <u>STANDING ORDER OF THE 295th DISTRICT COURT<br>REQUIRING ELECTRONIC FILING</u>

      After reviewing this file, the Court finds that this case is appropriate for electronic filing. Parties to this case are directed to file all papers allowed under the local rules, available at http://www.justex.net, electronically starting 45 days from the date of this order. If any party objects to this order, such objection should be set for hearing or submission within 30 days from the date of this order.

Case No. 202245344                                    **DCORX**

RIOS, JIMMY                                    *            IN THE DISTRICT COURT OF

vs.                                            *            HARRIS COUNTY, TEXAS

                                               *
ALLSTATE VEHICLE AND PROPERTY                  *            295th JUDICIAL DISTRICT

                                               *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 11/21/2022**     **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

**2.**                **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 5/20/2023**     Experts for parties seeking affirmative relief.
**(b) 6/19/2023**     All other experts.

**3.**                **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/18/2023**      **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**                **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 8/4/2023**      No-evidence motions for summary judgment may only be heard after this date.
**(b)**               All dispositive motions or pleas must be heard.

**6. 8/18/2023**      **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/18/2023**      **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**                **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

**9. 9/18/2023**      **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

CHASTITY KNIGHT                                            **DONNA ROTH**
2537 KOOL AVE                         7                    **JUDGE, 295TH DISTRICT COURT**
DALLAS, TX 75241                                           **Date Generated: 9/28/2022**          JCVO02

## <u>STANDING ORDER OF THE 295th DISTRICT COURT</u>
## <u>REQUIRING ELECTRONIC FILING</u>

      After reviewing this file, the Court finds that this case is appropriate for electronic filing. Parties to this case are directed to file all papers allowed under the local rules, available at http://www.justex.net, electronically starting 45 days from the date of this order. If any party objects to this order, such objection should be set for hearing or submission within 30 days from the date of this order.

Case No. 202245344                                                    **DCORX**

RIOS, JIMMY                                    *              IN THE DISTRICT COURT OF

vs.                                            *              HARRIS COUNTY, TEXAS

ALLSTATE VEHICLE AND PROPERTY                  *              295th JUDICIAL DISTRICT
                                               *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 11/21/2022**   **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**               **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 5/20/2023**    Experts for parties seeking affirmative relief.
**(b) 6/19/2023**    All other experts.

**3.**               **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/18/2023**     **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**               **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 8/4/2023**     No-evidence motions for summary judgment may only be heard after this date.
**(b)**              All dispositive motions or pleas must be heard.

**6. 8/18/2023**     **CHALLENGES TO EXPERT TESTIMONY**.   All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/18/2023**     **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**               **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . Failure to appear will be grounds for dismissal for want of prosecution.

**9. 9/18/2023**     **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

IVEL TIMSHEIM CYRUS LEVI                  8          **DONNA ROTH**
11551 SEDONA DRIVE                                  **JUDGE, 295TH DISTRICT COURT**
DAPHNE, AL 36526-5633                               **Date Generated: 9/28/2022**          JCVO02

## <u>STANDING ORDER OF THE 295th DISTRICT COURT</u>
## <u>REQUIRING ELECTRONIC FILING</u>

After reviewing this file, the Court finds that this case is appropriate for electronic filing. Parties to this case are directed to file all papers allowed under the local rules, available at http://www.justex.net, electronically starting 45 days from the date of this order. If any party objects to this order, such objection should be set for hearing or submission within 30 days from the date of this order.

Case No. 202245344                                                      **DCORX**

RIOS, JIMMY                           \*              IN THE DISTRICT COURT OF

vs.                                   \*              HARRIS COUNTY, TEXAS

ALLSTATE VEHICLE AND PROPERTY         \*              295th JUDICIAL DISTRICT
                                      \*

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 11/21/2022**    **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

**2.**    **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 5/20/2023**    Experts for parties seeking affirmative relief.
**(b) 6/19/2023**    All other experts.

**3.**    **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/18/2023**    **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 8/4/2023**    No-evidence motions for summary judgment may only be heard after this date.
**(b)**    All dispositive motions or pleas must be heard.

**6. 8/18/2023**    **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/18/2023**    **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**    **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

**9. 9/18/2023**    **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

MELINDA VASSALLI-CLARK                      **DONNA ROTH**
12905 SPANISH DRIVE              9          **JUDGE, 295TH DISTRICT COURT**
OCEAN SPRINGS, MS 39564                     **Date Generated: 9/28/2022**          JCVO02

## <u>STANDING ORDER OF THE 295th DISTRICT COURT</u>
## <u>REQUIRING ELECTRONIC FILING</u>

After reviewing this file, the Court finds that this case is appropriate for electronic filing. Parties to this case are directed to file all papers allowed under the local rules, available at http://www.justex.net, electronically starting 45 days from the date of this order. If any party objects to this order, such objection should be set for hearing or submission within 30 days from the date of this order.

Case No. 202245344                                                          **DCORX**

RIOS, JIMMY                              *                    IN THE DISTRICT COURT OF

vs.                                      *                    HARRIS COUNTY, TEXAS

ALLSTATE VEHICLE AND PROPERTY            *                    295th JUDICIAL DISTRICT
                                         *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 11/21/2022**    **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

**2.**    **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 5/20/2023**    Experts for parties seeking affirmative relief.
**(b) 6/19/2023**    All other experts.

**3.**    **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/18/2023**    **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 8/4/2023**    No-evidence motions for summary judgment may only be heard after this date.
**(b)**    All dispositive motions or pleas must be heard.

**6. 8/18/2023**    **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/18/2023**    **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**    **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

**9. 9/18/2023**    **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

VERONICA HERNANDEZ                        10                  **DONNA ROTH**
1018 E UNION BOWER ROAD                                       **JUDGE, 295TH DISTRICT COURT**
IRVING, TX 75061                                              **Date Generated: 9/28/2022**        JCVO02

## <u>STANDING ORDER OF THE 295th DISTRICT COURT</u>
## <u>REQUIRING ELECTRONIC FILING</u>

      After reviewing this file, the Court finds that this case is appropriate for electronic filing. Parties to this case are directed to file all papers allowed under the local rules, available at http://www.justex.net, electronically starting 45 days from the date of this order. If any party objects to this order, such objection should be set for hearing or submission within 30 days from the date of this order.

Case No. 202245344                                                                DCORX

RIOS, JIMMY                                      *                    IN THE DISTRICT COURT OF
                                                 *
vs.                                              *                    HARRIS COUNTY, TEXAS
                                                 *
ALLSTATE VEHICLE AND PROPERTY                    *                    295th JUDICIAL DISTRICT
                                                 *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 11/21/2022**   **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**              **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 5/20/2023**   Experts for parties seeking affirmative relief.
**(b) 6/19/2023**   All other experts.

**3.**              **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/18/2023**    **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**              **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 8/4/2023**    No-evidence motions for summary judgment may only be heard after this date.
**(b)**             All dispositive motions or pleas must be heard.

**6. 8/18/2023**    **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/18/2023**    **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**              **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . Failure to appear will be grounds for dismissal for want of prosecution.

**9. 9/18/2023**    **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

BRANNON LOWERY                          11              **DONNA ROTH**
467 ALDOCK ROAD                                         **JUDGE, 295TH DISTRICT COURT**
EIGHT MILE, AL 36613                                    **Date Generated: 9/28/2022**          JCVO02

## <u>STANDING ORDER OF THE 295th DISTRICT COURT</u>
## <u>REQUIRING ELECTRONIC FILING</u>

After reviewing this file, the Court finds that this case is appropriate for electronic filing. Parties to this case are directed to file all papers allowed under the local rules, available at http://www.justex.net, electronically starting 45 days from the date of this order. If any party objects to this order, such objection should be set for hearing or submission within 30 days from the date of this order.

Case No. 202245344                                        **DCORX**

| | | |
|---|---|---|
| RIOS, JIMMY | * | IN THE DISTRICT COURT OF |
| vs. | * | HARRIS COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY | * | 295th JUDICIAL DISTRICT |

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 11/21/2022**    **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**    **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 5/20/2023**    Experts for parties seeking affirmative relief.
**(b) 6/19/2023**    All other experts.

**3.**    **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/18/2023**    **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 8/4/2023**    No-evidence motions for summary judgment may only be heard after this date.
**(b)**    All dispositive motions or pleas must be heard.

**6. 8/18/2023**    **CHALLENGES TO EXPERT TESTIMONY**.   All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/18/2023**    **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**    **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . Failure to appear will be grounds for dismissal for want of prosecution.

**9. 9/18/2023**    **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

| | | |
|---|---|---|
| MICHAEL R. RAMSEY | | **DONNA ROTH** |
| 6280 DELAWARE ST., STE. C | 16520200 | **JUDGE, 295TH DISTRICT COURT** |
| BEAUMONT, TX 77706 | | **Date Generated: 9/28/2022** |

JCVO02

## <u>STANDING ORDER OF THE 295th DISTRICT COURT</u>
## <u>REQUIRING ELECTRONIC FILING</u>

After reviewing this file, the Court finds that this case is appropriate for electronic filing. Parties to this case are directed to file all papers allowed under the local rules, available at http://www.justex.net, electronically starting 45 days from the date of this order. If any party objects to this order, such objection should be set for hearing or submission within 30 days from the date of this order.

Case No. 202245344                                                    **DCORX**

RIOS, JIMMY                              *              IN THE DISTRICT COURT OF

vs.                                      *              HARRIS COUNTY, TEXAS

ALLSTATE VEHICLE AND PROPERTY            *              295th JUDICIAL DISTRICT
                                         *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 11/21/2022**    **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**    **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 5/20/2023**    Experts for parties seeking affirmative relief.
**(b) 6/19/2023**    All other experts.

**3.**    **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/18/2023**    **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 8/4/2023**    No-evidence motions for summary judgment may only be heard after this date.
**(b)**    All dispositive motions or pleas must be heard.

**6. 8/18/2023**    **CHALLENGES TO EXPERT TESTIMONY**.   All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/18/2023**    **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**    **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . Failure to appear will be grounds for dismissal for want of prosecution.

**9. 9/18/2023**    **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

WESLEY WARD                                              **DONNA ROTH**
PO BOX 3188                          24008235           **JUDGE, 295TH DISTRICT COURT**
CONROE, TX 77305                                        **Date Generated: 9/28/2022**          JCVO02

## <u>STANDING ORDER OF THE 295th DISTRICT COURT</u>
## <u>REQUIRING ELECTRONIC FILING</u>

After reviewing this file, the Court finds that this case is appropriate for electronic filing. Parties to this case are directed to file all papers allowed under the local rules, available at http://www.justex.net, electronically starting 45 days from the date of this order. If any party objects to this order, such objection should be set for hearing or submission within 30 days from the date of this order.